[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 24, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15435
Non-Argument Calendar

_____

D. C. Docket No. 05-00040-CR-1-SPM-AK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YAIMA GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 24, 2008)

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Yaima Gonzalez appeals her convictions for conspiring to manufacture,

distribute, and possess with intent to manufacture and distribute more than 1,000 marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii), and 846, and manufacturing and possessing with intent to distribute more than 100 marijuana plants, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vii) and 18 U.S.C. § 2.

At trial evidence reflected that Gonzalez was an owner and resident of the property upon which marijuana plants were found. She made admissions regarding the existence of the marijuana growing enterprise to Drug Enforcement Administration agent Wayne Andrews, to which he testified at trial. Co-defendants Roberto Valle and Lorenzo Valera also testified against her, implicating her directly in the enterprise.

On appeal, Gonzalez argues that her convictions should be overturned because of the admission of some testimony from Agent Andrews and because the government impermissibly vouched for the testimony of government witnesses and co-conspirators, Valle and Valera when they testified about their plea agreements.

We review a district court's evidentiary rulings for abuse of discretion. United States v. Westry, 524 F.3d 1198, 1214 (11th Cir. 2008), petition for cert. filed, (no. 08-5343) (July 15, 2008). We review alleged Confrontation Clause violations for harmless error. United States v. Ndiaye, 434 F.3d 1270, 1286 (11th

2

Cir. 2006).  However, arguments not presented to the district court are reviewed for plain error.  See United States v. Brown, 526 F.3d 691, 704 (11th Cir. 2008), petition for cert. filed, (no. 08-5564) (July 28, 2008).  To show such error, the appellant must establish "(1) error (2) that is plain and (3) affects [his] substantial rights."  Id.  Essentially, the appellant must show that the error seriously affected the fairness, integrity, or public reputation of the judicial proceeding.  Id.  In the district court, Gonzalez neither objected to any of the testimony that she now challenges, nor raised any of the arguments she now advances.  Accordingly, our review is for plain error.

Considering this record, including the testimony indicating her ownership, residence, possession of the marijuana plants and incriminating statements, we find no reversible error.   Gonzalez argues that Andrews' testimony constituted hearsay, impermissible opinion testimony and violated the Confrontation Clause and the rules of evidence.  She further argues that Andrews's conclusion regarding her knowledge of the conspiracy was an opinion and violated Fed.R.Evid. 704(b).  Finally, she argues that the use of Andrews as a fact and opinion witness resulted in the jury giving undue weight to his testimony. The essence of Andrews's testimony established the background of the investigation's commencement and relayed what Gonzalez herself told him during questioning.  It did not  violate

3

Fed.R.Evid. 704(b). As to the testimony from Roberto Valle and Lorenzo Valera, we find no reversible error in Gonzalez' claim that the government improperly elicited testimony concerning their plea agreements and sentencing reductions and improperly ensured the truthfulness of their testimony. Prosecutors are not prohibited from entering a plea agreement into evidence for the jury's consideration. United States v. Castro, 89 F.3d 1443, 1457 (11th Cir. 1996). We have held that questioning regarding plea agreement requirements regarding truthfulness and the possibility of perjury charges to be proper. Id. Where a prosecutor questions witnesses regarding the truth-telling portions of their plea agreement or brings out the fact that the agreements stated they were subject to perjury penalties, the prosecutor is not vouching. United States v. Cano, 289 F.3d 1354, 1365-66 (11th Cir. 2002). The government's questioning of Valle and Valera did not constitute impermissible vouching as questions pertaining to the requirement to be truthful and the penalties for perjury are permissible. We do not find plain error. Moreover, having found no reversible error, there is no cumulative error.

**AFFIRMED.**